UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO

IN RE:

SAN JUAN RESORT OWNERS, INC.

DEBTOR

CASE NO. 15-01627

CHAPTER 11

## AMENDED MOTION FOR LEAVE TO REPLY AND FOR EXTENSION OF TIME

TO THE HONORABLE COURT:

COMES NOW San Juan Resort Owners, Inc., ("Debtor") through its undersigned counsel and very respectfully submits this Motion for leave to file a reply to the opposition to Debtor's motion for rejection of executory contract and to the Sale Motion filed by Condado San Juan Hotel 2, LLC ("CSJH2") on April 14, 2015 (the "Opposition") (Docket. No. 37), in order to address the matters raised by CSJH2 in its Opposition.

1. On March 5, 2015, Debtor filed his petition for reorganization under the provisions of 11 U.S.C. Chapter 11 of the Bankruptcy Code and since then, has been operating and managing its affairs as a debtor-in-possession in accordance with 11 U.S.C. Sections 1107 and 1108 (Docket No. 1).

2. On March 27, 2015, the Debtor and Banco Popular of Puerto Rico filed a Motion for Entry of the Sale Order: (A) Approving the Asset Purchase Agreement and Sale of the Sale Assets, Free and Clear, to the Stalking Horse Purchaser or to the Successful Bidder, (B) Approving the Bidding Procedures to Solicit Higher and Better Offers and Select the Successful Bidder, and (C) Approving the Settlement Agreement with Banco Popular of P.R (the "Sale Motion") (Docket No. 21).

3. The Sale Motion is pending approval by the Bankruptcy Court.

4. On March 11, 2015, the Debtor filed a motion for the court to make a determination that certain pre-petition Option Agreement between the Debtor and CSJH2 (the "Option Agreement")

was invalid and unenforceable. In the alternative, the Debtor requested that the Option Agreement with CSJH2 be rejected (Docket No. 11).

5. On April 14, 2015, CSJH2 filed an opposition to Debtor's motion for rejection of executory contract and to the Sale Motion (the "Opposition"). CSJH2 asserts, in essence: (i) that the real estate property subject to the sale has not been exposed to the market or to a competitive bid; (ii) that the Sale Motion is a sub rosa plan of liquidation; (iii) that the sale seeks to divert assets and value to Debtor's principal; (iv) that the estate and creditors will not benefit form a competitive sale, as proposed by Debtor and Banco Popular of P.R.; (v) that the settlement agreement with Banco Popular of P.R. is in breach of the Option Agreement; and (vi) that the sale process was not made in good faith, and was reached in collusion between Debtor, Banco Popular of P.R. and the Stalking Horse Purchase, (Docket No. 37).

6. On April 22, 2015, the undersigned and Edilberto Berrios Perez, Esq., counsel for CSJH2, met to seek alternatives for a settlement agreement that may dispose all controversies and oppositions by CSJH2 set forth above.

7. Such conversations will continue during the next seven (7) days, therefore, Debtor needs additional time to reach to an agreement, or answer the opposition set forth above.

**WHEREFORE**, for the reasons set forth herein, Debtor respectfully requests that this Honorable Court enter an order allowing Debtor to file a reply to CSJH2's Opposition, that the Court grant Debtor through and including April 27, 2015, to file such reply, and grants such other statutory or equitable relief as may be just and proper under the circumstances.

**RESPECTFULLY SUBMITTED**

San Juan, Puerto Rico, this 23rd day of April, 2015.

**CERTIFICATE OF SERVICE:** I hereby certify that on this same date, electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the Office of the United States Trustee, and all CM/ECF participants.

s/ **WILLIAM VIDAL CARVAJAL**
**USDC-PR 124803**
William Vidal Carvajal Law Office, P.S.C.
MCS Plaza, Suite 801
255 Ponce de León, Ave.
San Juan, PR 00918
Tel: 787-764-6867/787-399-6415
E-mail: william.m.vidal@gmail.com